Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000593
19-MAR-2019
07:55 AM

NO. CAAP-12-0000593

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KONA'S BEST NATURAL COFFEE LLC,
a Hawai'i limited liability company,
Plaintiff/Counterclaim-Defendant/Appellant/Cross-Appellee,
v.
MOUNTAIN THUNDER COFFEE PLANTATION INT'L INC.,
a Hawai'i corporation, TRENT BATEMAN and LISA BATEMAN,
Defendants/Counterclaimants/Appellees/Cross-Appellants,
and
NATURESCAPE HOLDINGS GROUP INT'L INC.,
Defendant/Appellee/Cross-Appellant,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE DEFENDANTS 1-50, DOE ENTITIES 1-50,
Defendants.

MOUNTAIN THUNDER COFFEE PLANTATION INT'L INC.,
A Hawai'i corporation, TRENT BATEMAN; LISA BATEMAN,
Third-Party Plaintiffs/Appellees/
Cross-Appellees,
vs.
MICHAEL ROBERTS and BRENT HIGHT,
Third-Party Defendants/Appellants/Cross-Appellees,
and
MARIN ARTUKOVICH, KOA COFFEE COMPANY, LLC;
JOHN DOES 1-10; JANE DOES 1-10;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50,
Third-Party Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-098K (Kona))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

This Summary Disposition Order resolves the remaining issues pending in CAAP-12-0000593, which were not resolved by our August 2, 2017 Memorandum Opinion, Kona's Best Nat. Coffee LLC v. Mountain Thunder Coffee Plantation Int'l, Inc., No. CAAP-12-0000593, 2017 WL 3310451 (Hawaiʻi App. Aug. 2, 2017) (Mem. Op.) (**Kona's Best I**). In Kona's Best I, we were unable to address certain portions of the appeals after receiving notice that involuntary bankruptcy petitions under Chapter 11 of the Bankruptcy Code had been filed against Mountain Thunder Coffee Plantation Int'l, Inc. (**Mountain Thunder**) and Naturescape Holdings Group Int'l, Inc. (**Naturescape**). Id. at *2.

After Kona's Best I was issued, we also received notice that Trent Allen Bateman (**Trent**), one of the owners of Mountain Thunder, had filed for bankruptcy. On February 27, 2018, after receiving a further update on the status of bankruptcy proceedings against Mountain Thunder and Naturescape, we issued an order stating that we would take no further action in this appeal until we received notice and verification that the bankruptcy proceedings for Mountain Thunder, Naturescape and Trent had been concluded, or that the Bankruptcy Court had filed an order lifting the stay for this appeal or authorizing the appeal or specified portions of the appeal to proceed.

We subsequently received notice that the bankruptcy stays related to Mountain Thunder, Naturescape, and Trent were lifted to allow a final decision in this appeal. On November 26, 2018, Kona's Best Natural Coffee LLC (**Kona's Best**), Michael Roberts (**Roberts**), and Brent Hight (**Hight**) (collectively the **Kona's Best Appellants**) filed in this court a "Notice of Order Granting Motion for Relief from Automatic Stay" (**Notice**). Attached to the Notice were three separate orders issued by the

2

United States Bankruptcy Court, District of Hawaiʻi (**Bankruptcy Court**) granting motions by Kona's Best in each of the bankruptcy proceedings involving Naturescape, Mountain Thunder, and Trent, respectively, and lifting the automatic bankruptcy stay in order to, *inter alia*, "allow the [Intermediate Court of Appeals] to issue a final decision in CAAP No. 12-0000593[.]"

We therefore turn to the remaining issues on appeal:

(1) Roberts' and Hight's appeal, which challenges the Circuit Court of the Third Circuit's (**Circuit Court's**)[1] denial of their request for attorney's fees and costs against Mountain Thunder, Trent, and Lisa Bateman (collectively, **the Mountain Thunder Defendants**);

(2) Naturescape's cross-appeal, which seeks to overturn the judgment entered in favor of Kona's Best and against Naturescape on Kona's Best's First Amended Complaint; and

(3) "the portions of the cross-appeal by Mountain Thunder that seek to overturn the judgment entered in favor of Kona's Best and against Mountain Thunder on claims raised in Kona's Best's First Amended Complaint and the award of attorney's fees in favor of Kona's Best and against Mountain Thunder." See Kona's Best I at *3.

The appeals herein arise out of the breakdown and eventual termination of negotiations regarding an asset purchase agreement of a Kona coffee business, as thoroughly described in Kona's Best I. See *id.* at *3-12.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the remaining parts of the appeals as follows.

---

[1] The Honorable Ronald Ibarra presided.

**(1) Roberts' and Hight's Appeal.** Roberts and Hight assert that the Circuit Court erred in denying them attorney's fees and costs, pursuant to Hawaii Revised Statutes (**HRS**) § 607-14 (2016),[2] because they prevailed on every count alleged against them by the Mountain Thunder Defendants in their First Amended Third Party Complaint.[3]

> [The appellate] court reviews the denial and granting of attorney's fees under the abuse of discretion standard. The same standard applies to [the appellate] court's review of the amount of a trial court's award of attorney's fees. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawaiʻi, 106 Hawaiʻi 416, 431, 106 P.3d 339, 354 (2005) (internal quotation marks, citations, brackets, and ellipses omitted) (quoting Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawaiʻi, 92 Hawaiʻi 432, 439, 992 P.2d 127, 134 (2000)).

---

[2] HRS § 607-14 provides, in relevant part:

> **§607-14 Attorneys' fees in actions in the nature of assumpsit, etc.** In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

(Emphasis added).

[3] The Mountain Thunder Defendants do not contest this point of error by Roberts and Hight. In their Answering Brief section titled "Roberts and Hight Claim of Error Regarding Attorney Fees and Costs Have No Merit[,]" the Mountain Thunder Defendants argue that "KNBC should not be awarded its attorney fees and costs when it is evident that they simply breached the duty of confidence to force [Mountain Thunder] out of the Kona coffee business which should not go unwarranted[,]" but make no arguments as to whether Roberts and Hight should be awarded attorney's fees and costs.

During trial, Kona's Best was represented by Joseph Fagundes, III (**Fagundes**) for purposes of pursuing its claims under its First Amended Complaint. Fagundes also represented Roberts and Hight in their defense of the Mountain Thunder Defendants' First Amended Third Party Complaint.[4] In defending against the Mountain Thunder Defendants' First Amended Counterclaim, Kona's Best was represented by George W. Playdon, Jr. (**Playdon**) and R. Aaron Creps (**Creps**).

On April 19, 2011, after trial, the Kona's Best Appellants submitted a combined motion seeking attorney's fees for Fagundes' successful efforts in pursuing the claims in Kona's Best's First Amended Complaint and defending Roberts and Hight against the claims made in the Mountain Thunder Defendants' First Amended Third Party Complaint. No attorney's fees were sought by Creps and Playdon. The Circuit Court awarded attorney's fees of $3,435.34 for Fagundes' efforts in pursuing the claims in the First Amended Complaint in favor of Kona's Best only,[5] and denied recovery for Fagundes' defense of the First Amended Third Party Complaint on behalf of Roberts and Hight. At the hearing on the motions for fees, the court reasoned that the First Amended

---

[4] The Mountain Thunder Defendants' First Amended Third Party Complaint alleged nineteen counts: Count I, Breach of Contract - Nonpayment for Coffee Beans and Coffee Services; Count II, Promissory Estoppel - Nonpayment for Coffee Beans and Coffee Services; Count III, Breach of Contract - Termination of Purchase; Count IV, Breach of Duty to Negotiate in Good-Faith; Count V, Promissory Estoppel - Financing; Count VI, Breach of Contract - Confidentiality; Count VII, Trade Secret Violation; Count VIII, Tortious Interference of Contract; Count IX, Tortious Interference of Prospective Contractual Relations; Count X, Defamation; Count XI, Intentional Infliction of Emotional Distress; Count XII, Unjust Enrichment; Count XIII, Fraud; Count XIV, Misrepresentation; Count XV, Unfair Competition; Count XVI, Attempt to Monopolize; Count XVII, Vicarious Liability - Alter Ego; Count VIII, Injunctive Relief; Count XIX, Liability on KBNC's Complaint.

[5] The Circuit Court computed this fee award by subtracting the jury's award of $154,000 in favor of the Mountain Thunder Defendants' assumpsit claims from the jury's award of $167,741.35 in favor of Kona's Best's assumpsit claims, and multiplying that amount by the 25% limit set forth in HRS § 607-14.

Complaint and the First Amended Third Party Complaint arose out of "one continuous transaction[.]"

Roberts and Hight were interpleaded into this case in their individual capacities and had to defend themselves against the Mountain Thunder Defendants' claims in the First Amended Third Party Complaint. They asserted no claims against any of the Mountain Thunder Defendants. They were the prevailing parties under the First Amended Third Party Complaint as the jury and Circuit Court found in their favor on all the claims raised against them. Kona's Best I, at *10-12.

The First Amended Third Party Complaint included counts sounding in both assumpsit (i.e., Count I, Breach of Contract – Nonpayment for Coffee Beans and Coffee Services; Count III, Breach of Contract – Termination of Purchase; Count VI, Breach of Contract – Confidentiality) as well as in tort (i.e., Count IX, Tortious Interference of Prospective Contractual Relations; Count X, Defamation; Count XI, Intentional Infliction of Emotional Distress; Count XIII, Fraud; Count XIV, Misrepresentation). The types of relief sought in the First Amended Third Party Complaint are as follows:

**PRAYER FOR RELIEF**

Now therefore, the THIRD PARTY PLAINTIFFS MOUNTAIN THUNDER, TRENT and LISA, individually and jointly, now prays for judgment in his favor against ROBERTS, and/or HIGHT, and/or KBNC, and/or DOE DEFENDANTS, jointly and severally, and other relief as follows:

1. That he be awarded judgment on all Counts against all Defendants, jointly and severally, and that he be awarded special, consequential, general and punitive damages in such amounts as will be proven at the time of trial;

2. That ROBERTS, and/or HIGHT, and/or KBNC, and/or DOE DEFENDANTS be found to have interfered with the rights of MOUNTAIN THUNDER and that they be enjoined from the use of the confidential information they gained from THIRD PARTY PLAINTIFFS during their due diligence or their interaction with TRENT and/or LISA and/or MOUNTAIN THUNDER.

3. That in the alternative to punitive damages, TRENT and/or LISA and/or MOUNTAIN THUNDER demand treble damages based upon the Judgment entered pursuant to Chapter 480 of the Hawaii Revised Statutes and all attorney's fees and costs and all other relief allowed by law.

4. That this Court award injunctive relief where appropriate.

5. That this Court award THIRD PARTY PLAINTIFFS their costs, attorneys' fees and all other relief that this Court deems just and proper.

(Emphasis added.)

Roberts and Hight are clearly entitled to attorney's fees under HRS § 607-14 related to their defense of Counts I (Breach of Contract - Nonpayment for Coffee Beans and Coffee Services), Count III (Breach of Contract - Termination of Purchase), and Count VI (Breach of Contract - Confidentiality) of the First Amended Third Party Complaint. We also conclude that Counts II (Promissory Estoppel - Nonpayment for Coffee Beans and Coffee Services) and Count V (Promissory Estoppel - Financing) are in the nature of assumpsit. In this regard, we consider the essential character of the action:

> The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought. Where there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit. Additionally, this court recently stated, for the first time, that, in awarding attorneys' fees in a case involving both assumpsit and non-assumpsit claims, a court must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims.

Blair v. Ing, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001) (internal citations, footnote, and quotation marks omitted). The nature of the grievances detailed in Counts II and V focus on alleged promises made by, *inter alia*, Roberts and Hight to pay for coffee beans and/or coffee related services, and to financially invest in and help the Mountain Thunder Defendants in the expansion and growth of its roasting business. These claims against Roberts and Hight are inextricably linked to the alleged contracts that are claimed by the Mountain Thunder Defendants,

and are thus "in the nature of assumpsit" as provided under HRS § 607-14. See id. at 332-33, 31 P.3d at 189-90.

We therefore conclude that the Circuit Court erred in denying the recovery of any attorney's fees to Roberts and Hight under HRS § 607-14. Generally, a prevailing party in an assumpsit action, including a prevailing third party defendant, is entitled to recover attorney's fees against the non-prevailing party, as provided under HRS § 607-14. See e.g. Eastman v. McGowan, 86 Hawai'i 21, 946 P.2d 1317 (1997).

We also conclude that the Circuit Court erred in denying an award of costs to Roberts and Hight as the prevailing parties under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 54(d)(1).[6]

In calculating the attorney's fees award for Roberts and Hight on remand, the Circuit Court must apportion Fagundes' fees between his work pursuing the First Amended Complaint, as opposed to his work defending Roberts and Hight from the First Amended Third Party Complaint. The Circuit Court may also consider the common facts underlying the claims in the First Amended Complaint and the First Amended Third Party Complaint in determining the reasonableness of the award. Finally, the Circuit Court must, if practicable, apportion its award of the fees in favor of Roberts and Hight between the assumpsit and non-assumpsit claims asserted against them in the First Amended Third Party Complaint. See Blair, 96 Hawai'i at 332, 31 P.3d at 189 (citing TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999) (citation omitted)).

**(2) Naturescape's Cross-Appeal.** In its first point of error, Naturescape argues that the Circuit Court abused its discretion by denying Naturescape's October 6, 2010 "Corrected

---

[6] HRCP Rule 54(d)(1) provides, in relevant part, that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"

Motion to Sever Trial as to Count XIII (Fraudulent Transfer)"
(**Motion to Sever Trial**). However, neither Naturescape's Notice
of Cross-Appeal, Opening Brief, nor Reply Brief provide any
citation to the Circuit Court's denial. Our review of the record
on appeal similarly fails to produce any minutes, transcripts, or
orders denying Naturescape's Motion to Sever Trial.

It is the responsibility of each appellant "to provide
a record, as defined in Rule 10 of [the Hawai'i Rules of
Appellate Procedure (**HRAP**)] and the Hawai'i Court Records Rules,
that is sufficient to review the points asserted and to pursue
appropriate proceedings in the court or agency appealed from to
correct any omission." HRAP Rule 11(a); <u>see also</u> HRAP Rule
28(b)(3, 4, 7) (providing that an appellant's opening brief must
contain: a concise statement of the case, with record references
supporting each statement of fact or mention of court or agency
proceedings; a concise statement of the points of error, with
each point stating where in the record the alleged error
occurred; and an argument, with citations to the authorities,
statutes, and parts of the record relied on).

Based on the foregoing, Naturescape's first point of
error is deemed waived.

Naturescape's second and third points of error argue
that the Circuit Court's Conclusions of Law (**COLs**) 59-69[7] and

---

[7] On February 22, 2011, the Circuit Court entered its "Findings of
Fact, Conclusions of Law and Order Regarding Equitable Claims on Counts II, V,
XII, XVII and XVIII of the Counterclaim and Third Party Complaint; and Counts
XII and XIII of the First Amended Complaint." COLs 59-69 provide:

> 59. Count XIII of the First Amended Complaint is entitled
> Fraudulent Conveyance.
> 60. <u>At the time of the transfer of assets, KBNC was a
> creditor of Trent, Lisa and Mountain Thunder. Trent
> made the transfer of the assets of Mountain Thunder to
> Naturescape in response to existing and pending
> litigation by KBNC. Haw. Rev. Stat. § 651C-4(b)(4).</u>
> 61. Brooke is an insider and an affiliate. Haw. Rev.
> Stat. § 651C-4(b)(1).
> 62. Naturescape is an insider and an affiliate. <u>Id.</u>
> 63. Trent transferred the assets of Mountain Thunder to
> Naturescape with the actual intent "to hinder, delay
> or defraud" KBNC. Haw. Rev. Stat. § 651C-4(a)(1).
> (continued...)

9

June 15, 2012 First Amended Final Judgment were in error because the jury's Special Verdict awarded more aggregate damages to the Mountain Thunder Defendants than to Kona's Best, meaning that the Mountain Thunder Defendants were no longer debtors to Kona's Best, and thus Count XIII for fraudulent transfer must fail as a matter of law. See Kona's Best I, at *11 (recounting the parties' claims and liabilities as determined in part by the jury's Special Verdict). Naturescape does not otherwise challenge the content of said COLs.

> [The appellate] court reviews the trial court's COLs de novo. A COL is not binding upon an appellate court and is freely reviewable for its correctness. Moreover, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned.

---

(...continued)

64. Trent made the transfer of the assets of Mountain Thunder to Naturescape "without receiving reasonably equivalent value in exchange" for the assets of the Mountain Thunder corporation. Haw. Rev. Stat. § 651C-4(a)(1).

65. As of the time of the transfer of the assets from Trent to Naturescape on July 1, 2008 Mountain Thunder was undercapitalized and the transfer of assets to Naturescape rendered Mountain Thunder virtually insolvent. Haw. Rev. Stat. § 651C-4(b)(4).

66. Trent and Lisa, acting through Mountain Thunder, "intended to incur, or believed or reasonably should have believed that the [company] would incur, debts beyond the [company's] ability to pay as they became due." Haw. Rev. Stat. § 651C-4(a)(2)(B).

67. Under the [Hawaiʻi Uniform Fraudulent Transfer Act [HUFTA]] framework, "any transfer whereby the transferee gives less than reasonably equivalent value in exchange for the transfer from the debtor and has the effect of reducing the debtor's assets by a certain sum may be avoided." See Valvanis v. Milgroom, 529 F.Supp. 2d 1190, 1197-98 (2007).

68. KBNC has established by clear and convincing evidence that the sale of the Mountain Thunder corporation's assets to Naturescape was a fraudulent conveyance pursuant to the [HUFTA], Haw. Rev. Stat. § 651C-4. See Kekona v. Abastillas, 113 Haw. 174, 150 P.3d 823 (2006).

69. The Court finds in favor of KBNC as against Trent, Lisa, and Naturescape on Count XIII.

(Emphasis added).

Bhakta v. Cty. of Maui, 109 Hawai'i 198, 208, 124 P.3d 943, 953 (2005) (internal quotation marks, citations, and brackets omitted).

To support its argument, Naturescape cites the HUFTA's definitions of "Claim[,]" which "means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[,]" and "Debtor[,]" which "means a person against whom a creditor has a claim." HRS § 651C-1 (2016) (emphasis added).

We note that under HRS § 651C-4 (2016),[8] a transfer made by a debtor is fraudulent as to a creditor if the debtor made the transfer "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor[,]" and in determining actual intent, consideration may be given to whether, _inter alia_,

---

[8] HRS § 651C-4 provides, in relevant part:

> **[§651C-4]  Transfers fraudulent as to present and future creditors.** (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (1)  With actual intent to hinder, delay, or defraud any creditor of the debtor; or
> (2)  Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> . . .
>
> (B)  Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.
>
> (b) In determining actual intent under subsection (a)(1), consideration may be given, among other factors, to whether:
>
> (1)  The transfer or obligation was to an insider; [and]
>
> . . .
>
> (4)  Before the transfer was made or obligation was incurred, the debtor was sued or threatened with suit[.]

(Emphasis added).

11

"[b]efore the transfer was made . . . the debtor was sued or threatened with suit[.]" HRS §§ 651C-4(a)(1) and (b)(4).

Given the unambiguous statutory language, we must give effect to its plain and obvious meaning. See Kekona v. Abastillas, Nos. CAAP-16-0000679 and CAAP-16-0000782, 2018 WL 6259487, at *6-7 (Hawai'i App. Nov. 30, 2018) (Mem. Op.) (quoting State v. Wheeler, 121 Hawai'i 383, 390, 219 P.3d 1170, 1177 (2009) (citation omitted)).

Here, the Circuit Court determined, inter alia, that the transfer of assets from Mountain Thunder to Naturescape was made in response to existing and pending litigation by Kona's Best, that Mountain Thunder did not receive reasonably equivalent value in exchange for the assets, and the transfer of the assets rendered Mountain Thunder virtually insolvent. The Circuit Court's COLs 59-69 correctly addressed and properly decided the fraudulent transfer claim against Naturescape under HRS § 651C-4.

Based on the foregoing, Naturescape's second and third points of error are without merit.

**(3) Mountain Thunder's Cross-Appeal.** In Kona's Best I, we did not decide "the portions of the cross-appeal by Mountain Thunder that seek to overturn the judgment entered in favor of Kona's Best and against Mountain Thunder on claims raised in Kona's Best's First Amended Complaint and the award of attorney's fees in favor of Kona's Best and against Mountain Thunder" because of Mountain Thunder's pending bankruptcy. Kona's Best I, at *3 (emphasis added). However, we did decide the identical issues arising from the cross-appeal with regards to the Batemans. See id. [W]e will decide in this Memorandum Opinion: . . . (3) the portions of the cross-appeal by the Batemans that seek to overturn the judgment entered in favor of Kona's Best and against the Batemans on claims raised in Kona's Best's First Amended Complaint and the award of attorney's fees in favor of Kona's Best and against the Batemans." (Emphasis added)).

Based on our subsequent review for the purposes of this Summary Disposition Order, none of the eleven points of error alleged in the Mountain Thunder Defendants' cross-appeal require further discussion with regard to Mountain Thunder alone, as all points were adequately addressed in Kona's Best I. See id., at *17-22. Furthermore, "the award of attorney's fees in favor of Kona's Best and against Mountain Thunder" was not alleged as a point of error in the Mountain Thunder Defendants' Opening Brief, was not argued, and only appears in the Conclusion section of their Opening Brief. See HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented."). Therefore, we need not address the award of attorney's fees to Kona's Best and against Mountain Thunder.

Therefore, based on the foregoing:

(1) We vacate the Circuit Court's "Order Granting in Part and Denying in Part Plaintiff Kona's Best Natural Coffee LLC and Third Party Defendants Michael Roberts and Brent Hight's Motion for Attorneys' Fees, Filed April 19, 2011" entered on May 31, 2011, to the extent that it denied attorney's fees and costs to Roberts and Hight. In this regard, we remand for further proceedings on Roberts' and Hight's claim for attorney's fees under HRS § 607-14, and for costs, consistent with this Summary Disposition Order;

(2) We affirm the First Amended Final Judgment entered by the Circuit Court of the Third Circuit on June 15, 2012, with regard to Naturescape Holdings Group Int'l, Inc.'s cross-appeal;

(3) We affirm the First Amended Final Judgment with respect to its entry of judgment as between Kona's Best and Mountain Thunder on the Counts asserted by Kona's Best in its First Amended Complaint; and

13

(4) We affirm the First Amended Final Judgment to the extent that it awarded attorney's fees to Kona's Best and against Mountain Thunder.

DATED: Honolulu, Hawai'i, March 19, 2019.

On the briefs:

Michael J. Matsukawa,
for Naturescape Holdings Group
Int'l Inc., a Hawai'i corporation.

Joseph Fagundes, III,
(Attorney at Law, a Law Corporation)
for Kona's Best Natural Coffee LLC.,
a Hawai'i limited liability company,
Michael Roberts and Brent Hight.

George W. Playdon, Jr.,
R. Aaron Creps,
(O'Connor Playdon & Guben LLP)
for Kona's Best Natural Coffee LLC.,
a Hawai'i limited liability company.

Grant K. Kidani,
(Kidani Law Center)
for Mountain Thunder Coffee
Plantation Int'l, Inc., a Hawai'i
corporation, Trent Bateman and
Lisa Bateman.

Chief Judge

Associate Judge

Associate Judge

14